IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NICHOLAS FELELLA,

    Plaintiff,

v.

COUNTY OF PORTAGE,
STEVENS POINT POLICE
DEPARTMENT, STEVENS POINT
DISTRICT ATTORNEY'S OFFICE,
STEVENS POINT PUBLIC DEFENDER'S
OFFICE, PORTAGE COUNTY
SHERIFF'S DEPARTMENT,

    Defendants.

ORDER

Case No. 17-cv-868-wmc

---

Plaintiff Nicholas Felella brings this proposed civil action under 42 U.S.C. § 1983, claiming that various public entities involved in his 2016 criminal proceedings in Portage and Stevens Point counties, violated numerous state and federal rights. Having been permitted to proceed *in forma pauperis*, Felella's complaint requires screening. 28 U.S.C. § 1915(e)(2). For the reason explained below, however, the court concludes that it must dismiss some of his claims pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and that his remaining claim is subject to dismissal.

## ALLEGATIONS OF FACT[1]

Plaintiff Nicholas Felella currently lives in Plover, Wisconsin, but he was incarcerated at the Portage County Jail when he filed this lawsuit. Defendants include

---

[1] As reflected below, the court also supplements the allegations in the amended complaint with dates and information about plaintiff's underlying criminal cases from the electronic docket

Portage County, the Stevens Point Police Department, the Portage County Sheriff's Department, the Stevens Point District Attorney's Office, and the Stevens Point Public Defender's office.

In his complaint, Felella outlines circumstances in July of 2016 that led up to his arrest and charges he claims violated his rights. In particular, he claims that on July 1, 2016, he was driving, suffered from a seizure and passed out. He was awakened by an officer, refused medical treatment and was arrested. Days later, after he was released on bail, Felella learned that that he was being charged with his fifth violation of operating while intoxicated. While that charge was pending, he suffered a seizure and his family called an ambulance to his home. Apparently police arrived at his home as well, which led to his arrest when an officer saw drug paraphernalia in his home. Felella claims that he was never informed that he was being arrested, nor was he read his rights. He was initially taken to a hospital, but when a doctor released him, he was brought to the Stevens Point Police Department.

At some point he asked an officer at the jail what his bond would be, and the officer responded that he would have to wait to see a judge. At some later time, a judge placed a $2,000 bond on him. Ultimately Felella was charged with disorderly conduct, domestic abuse, bail jumping, possession of cocaine and possession of drug paraphernalia. *See State*

---

available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov. The court draws all other allegations of fact from plaintiff's complaint, viewing the record in a light most favorable to plaintiff. *See* Fed. R. Civ. P. 10(c); *see also Witzke v. Femal*, 376 F.3d 744, 749 (7th Cir. 2004) (explaining that documents attached to the complaint become part of the pleading, meaning that a court may consider them to determine whether plaintiff has stated a claim).

*v. Felella*, Case No. 2016CF286 (Portage County Cir. Ct. July 12, 2016). Felella pled guilty to the bail jumping and possession of cocaine charges, and the prosecutor dismissed the remaining charges pursuant to a plea agreement. On January 5, 2018, Felella was sentenced to probation.

OPINION

Plaintiff seeks to proceed on numerous constitutional claims, challenging his 2016 arrest and convictions, as well as the time he spent in jail. However, may not proceed on any of these claims as currently pled.

As an initial matter, to the extent plaintiff is challenging the validity of his arrest and criminal convictions, such claims are barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained in *Heck,* a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* This bar applies unless the underlying conviction or sentence is been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Given that nothing in plaintiff's pleadings or the publicly available information suggests his convictions have been invalidated or called into question, his challenge to the circumstances surrounding his arrest and convictions is barred. If Felella is successful in invalidating his conviction, he may refile his claims challenging his convictions. For now, the court is dismissing those claims without

prejudice. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011). If Felella does refile these claims, he should be aware that any claim against prosecutor from the Stevens Point District Attorney's Office would be barred, since "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from civil suit for damages under § 1983," *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Furthermore, while Felella also challenges the circumstances surrounding the time he spent in jail before he went before a judge, these allegations do not satisfy the requirements under Federal Rule of Civil Procedure 8, which requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's assertion that his time in jail violated his constitutional rights is too conclusory and lacking in detail to support any constitutional claim. The Fourth Amendment requires "a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty . . . promptly after arrest." *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975)). Judicial determinations of probable cause made more than 48 hours after arrest are not "prompt." *Id.* at 56. Yet plaintiff has failed to allege any details about how long he waited to be seen by a judge. As such, he not pled facts sufficient to support a Fourth Amendment claim.

However, out of deference to plaintiff's *pro se* status, before dismissing plaintiff's claim related to his time spent in jail before he saw a judge, the court will give plaintiff the opportunity to amend his complaint to include more specific information about the length of the delay. If plaintiff submits a proposed amended complaint no later than **April 5, 2019,** the court will take it under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). In preparing his amended complaint, plaintiff should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

ORDER

IT IS ORDERED that:

1. Plaintiff Nicholas Felella's claims challenging the validity of his 2016 arrest and convictions are DISMISSED without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

2. Plaintiff may have until **April 5**, **2019,** to amend his complaint to address the deficiencies described above related to his claim that his constitutional rights were violated when he was in jail after his 2016 arrest

3. If plaintiff does not file an amended complaint as directed, this case will be closed without further notice. Fed. R. Civ. P. 41(b). Any amended complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2).

Entered this 15th day of March, 2019.

                BY THE COURT:

                /s/
                _____
                WILLIAM M. CONLEY
                District Judge